IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BUCKS COUNTY ONCOPLASTIC | ) | |
| INSTITUTE, LLC | ) | Case No: 3:09-bk-03570 |
| | ) | Chapter 7 |
| | ) | Judge Harrison |
| Debtor. | ) | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS June 25, 2021**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: August 3, 2021 at 9:00 a.m., by AT&T conference line number 1-888-363-4749, Access Code 4511038#**

NOTICE OF TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT

Eva M. Lemeh, Trustee, has asked the court for the following relief: approval of compromise and settlement.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before June 25, 2021, you or your attorney must:

1. File with the court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.**

   If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584.

2. **Your response must state that the deadline for filing responses is June 25, 2021, the date of the scheduled hearing is August 3, 2021, and the motion to which you are responding is the Trustee's Motion to Approve Compromise and Settlement.**

3. You must serve your response or objection **by electronic service through the Electronic Filing system** described above. You must also mail a copy of your response or objection to:

| | | |
|---|---|---|
| Eva M. Lemeh | United States Trustee | Phillip G. Young, Jr. |
| 4300 Kings Lane | 701 Broadway, Customs House Suite 318 | Thompson Burton PLLC |
| Nashville, TN 37218 | Nashville, TN 37203 | One Franklin Park |
| | | 6100 Tower Circle, Suite 200 |
| | | Franklin, TN 37067 |

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated

above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

      If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated: June 4, 2021

By: /s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*

2

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BUCKS COUNTY ONCOPLASTIC ) | |
| INSTITUTE, LLC ) | Case No: 3:09-bk-03570 |
| ) | Chapter 7 |
| ) | Judge Harrison |
| Debtor. ) | |

**TRUSTEE'S MOTION TO
APPROVE COMPROMISE AND SETTLEMENT**

Eva M. Lemeh, chapter 7 trustee herein ("Trustee"), hereby moves (the "Motion") this Court for entry of an order (the "Order"), substantially in the form submitted herewith, approving the compromise and settlement of certain potential causes of action related to this matter. In support of this Motion, the Trustee respectfully represents as follows:

BACKGROUND

1. On March 30, 2009, Bucks County Oncoplastic Institute, LLC (the "Debtor") filed a voluntary Chapter 7 petition in this Court. Eva M. Lemeh was appointed to serve as the Chapter 7 Trustee in this case.

2. The Trustee administered this estate and closed the case on July 9, 2012. Sometime thereafter, the Trustee learned that DSI Renal Holdings, LLC ("DSI"), the parent company of the Debtor, had filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the District of Delaware on June 3, 2011. Moreover, in 2013, the Trustee learned that this estate might have a claim against the estate of DSI based upon fraudulent acts that DSI's Delaware trustee alleged were committed by certain shareholders of DSI and other individuals and entities affiliated with DSI, including Centre Partners Management, LLC, Centre Bregal Partners, L.P., Centre Capital Investors IV, L.P., Centre Capital Non-Qualified Investors IV, L.P., Centre Partners

Coinvestment IV, L.P., Centre Partners IV, L.P., Centre Partners IV LLC, Centre Partners Coinvestment V, L.P., Centre Capital Investors V, L.P., Centre Capital Non-Qualified Investors V, L.P., Centre Bregal Partners II, L.P., Centre Partners V, L.P., Centre Partners V LLC, Michael Schnabel, Bruce Pollack, Leif Murphy, Robert Bergmann, Kenneth Kencel, Jay Yalowitz, The Northwestern Mutual Life Insurance Company, Apollo Investment Corporation, Ares Capital Corporation, DaVita, Inc., CDSI I Holding Company, Inc. and CDSI II Holding Company, Inc. (collectively, the "Defendants").

3. On August 22, 2013, the Trustee filed a claim against DSI for $108,618,908.47. That claim was later amended to $291,924,539.41. The claim was based on a theory that, due to the alleged actions taken by DSI and/or the Defendants, DSI was jointly and severally liable for the debts of the Debtor.

4. DSI's Delaware trustee filed a complaint against the Defendants, which instituted a case that was ultimately transferred to the United States Bankruptcy Court for the District of Delaware, and was assigned Adversary Proceeding Number 1:14-ap-50356 (the "Delaware AP").

5. On April 8, 2021, the Delaware trustee notified the Delaware Bankruptcy Court that the Delaware AP had been resolved as to the Defendants. On March 13, 2021, the Delaware trustee filed a motion to approve a settlement of the AP. According to statements made in that motion to approve settlement, the Defendants agreed to pay $52,500,000.00 to resolve the AP.

6. One of the conditions of the settlement of the AP was that the Delaware trustee would seek a release of any claims that the Trustee or this estate might have against the Defendants. The Defendants and the Trustee have negotiated the terms of such a release, which is attached hereto as Exhibit A.

7. The Trustee expects that, as a result of the $52.5 million settlement of the Delaware AP, this estate will receive a substantial distribution on account of the claim the Trustee filed in DSI's Delaware bankruptcy. Therefore, the estate is gaining a substantial pecuniary benefit from the proposed release.

8. Moreover, while the Defendants asked for a release from the Trustee as part of their settlement of the Delaware AP, the Trustee does not believe that this estate currently has any direct claims against the Defendants. Any claims that the Trustee had against the Defendants were derivative of the Delaware trustee's claims against the Defendants in the Delaware AP; upon the settlement of the Delaware AP, the Trustee is left only with claims against DSI's bankruptcy estate.

9. It is the Trustee's opinion that approval of this release is in the best interest of the estate and should be accepted.

10. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The statutory predicate for the relief requested herein is section 105 of the Bankruptcy Code and rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019").

RELIEF REQUESTED

10. By the Motion, the Trustee seeks an order approving release attached hereto as Exhibit A.

APPLICABLE AUTHORITY

11. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See Fishell v. Soltow (In re Fishell), No. 94-

1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. See, e.g., In re Check Reporting Service, Inc., 137 B.R. 653 (Bankr. W.D. Mich. 1992); Bartel v. Bar Harbour Airways, Inc., 196 B.R. 268 (S.D.N.Y. 1996); In re Foundation for New Era Philanthropy, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

12. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

- the probability of success in litigation;

- the difficulty in collecting any judgment that may be obtained;

- the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it;

- the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-245 (1968); Fishell, 1995 W.L. 66622, at *3; In re Barton, 45 B.R. 225, 227 (M.D. Tenn. 1984); In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting, Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); In re Neshaminy Office Bldg. Assoc's., 62 B.R. 798, 803 (E.D. Pa. 1986).

13. The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. See TMT Trailer Ferry, 390 U.S. at 424-25. The settlement

need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." In re Penn Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court should not substitute its own judgment for that of the debtor. Neshaminy Office, 63 B.R. at 803.

14. Under the circumstances presented here, the Trustee has satisfied the applicable standards.

WHEREFORE, the Trustee respectfully requests that this Court enter an order in the form submitted herewith and grant such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served this 4th day of June, 2021, upon all parties of record through the Court's electronic filing system and by U.S. Mail to all parties listed on the creditor matrix attached hereto.

/s/ Phillip G. Young, Jr.



IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BUCKS COUNTY ONCOPLASTIC | ) | |
| INSTITUTE, LLC | ) | Case No: 3:09-bk-03570 |
| | ) | Chapter 7 |
| | ) | Judge Harrison |
| Debtor. | ) | |

**ORDER APPROVING COMPROMISE AND SETTLEMENT**

This matter having come for hearing on the motion (the "Motion") filed Eva M. Lemeh, chapter 7 trustee herein ("Trustee"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for an order approving the release of the following parties: Centre Partners Management, LLC, Centre Bregal Partners, L.P., Centre Capital Investors IV, L.P., Centre Capital Non-Qualified Investors IV, L.P., Centre Partners Coinvestment IV, L.P., Centre Partners IV, L.P., Centre Partners IV LLC, Centre Partners Coinvestment V, L.P., Centre Capital Investors V, L.P., Centre Capital Non-Qualified Investors V, L.P., Centre Bregal Partners II, L.P., Centre Partners V, L.P., Centre Partners V LLC, Michael Schnabel, Bruce Pollack, Leif Murphy, Robert Bergmann, Kenneth Kencel, Jay Yalowitz, The Northwestern Mutual Life Insurance Company, Apollo Investment Corporation, Ares Capital Corporation, DaVita, Inc., CDSI I Holding Company, Inc. and CDSI II Holding Company, Inc. (the "Defendants") in the form attached as

6

Exhibit A to the Motion (the "Release"); and no party-in-interest having timely filed a response to the Motion; and the Court being satisfied that the relief herein is appropriate under the circumstances; and the court being otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A.    The Trustee, in the proper exercise of her business judgment, determined that the relief afforded herein is in the best interests of the Debtor's creditors.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Motion is granted.

2.    The Trustee is hereby authorized to enter into and to execute the Release, and the terms of the Release are hereby approved by this Court.

> This order was signed and entered electronically as indicated at the top of the first page.

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*