# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BUCKS COUNTY ONCOPLASTIC | ) | Case No. 3:09-bk-03570 |
| INSTITUTE, LLC | ) | Chapter 7 |
| | ) | Judge Harrison |
| Debtor. | ) | |

## OPPOSITION TO MOTION TO CONDUCT HEARING VIA ZOOM VIDEO CONFERENCE AND REQUEST FOR EXTENSION OF EVIDENTIARY HEARING

Creditor Pioneer Funding Group, LLC ("**Pioneer**"), by and through counsel, hereby objects to the *Motion to Conduct Hearing Via Zoom Video Conference* [ECF No. 258] (the "**Motion**") and further requests that any evidentiary hearing be set at least forty-five (45) days from the hearing scheduled for August 24, 2021 and in support thereof states:

## INTRODUCTION

1. Thompson Burton, PLLC ("**Thompson**") and Dilworth Paxson LLP ("**Dilworth**" and together with Thompson, the "**Applicants**") filed their *First Interim Motion of Thompson Burton and Dilworth Paxson LLP for Allowance of Compensation* (the "**Fee Application**") [ECF No. 253] on July 27, 2021 and set the hearing on the Fee Application by telephone for August 24, 2021.

2. Pioneer filed a detailed and extensive objection [ECF No. 257] (the "**Objection**") to the Fee Application on August 17, 2021.

3. As part of the relief requested in the Objection, Pioneer requested (i) that Applicants be required to turn over billing records to this Court, the United States Trustee, and all parties-in-

interest so that a reasonableness determination could be made, and (ii) that this Court schedule a full evidentiary hearing at a later date, once the requested documents had been produced.

4. Apparently wanting to get this contested matter resolved in unnecessarily truncated fashion, Applicants' counsel has now requested that this Court change the currently scheduled telephonic conference to a video-conference hearing so that Applicants can present live testimony.

## **LAW AND ARGUMENT**

5. An evidentiary hearing in six days is improper given the current status of the case, the relief requested in the Objection, and the lack of disclosure by the Applicants to this point. Until such time as Pioneer and other parties have been able to obtain the billing records it has requested and perform additional discovery, an evidentiary hearing is premature. Bankruptcy Rule 9014, which governs contested matters within bankruptcy cases, is applicable to the Fee Objection. Rule 9014 makes all of the Part VII discovery rules other than portions of Rule 7026 (which applies Fed. R. Civ. P. 26) automatically applicable, and the Court is authorized to invoke those excluded provisions if it chooses to do so. Pioneer is entitled to conduct discovery before this matter is considered at a full-blown evidentiary hearing. *See In re SunCruz Casinos LLC*, 342 B.R. 370, 382 (Bankr. S.D. Fla. 2006) ("All of the parties' rights of discovery and for the testimony and attendance of witnesses were automatically applicable to the Motion by virtue of the provisions of Rules 9020 and 9014. The Club has had the right to take whatever discovery it wanted, and to produce the testimony of whatever witnesses it wanted.").

6. Applicants assert that they "will call witnesses" at the hearing and, thus, video-teleconferencing capabilities are required. Pioneer deserves the opportunity to evaluate any evidence that Applicants intend to present at any evidentiary hearing prior to the hearing taking

place. Applicants cannot proceed to "trial by ambush" by forcing a premature evidentiary hearing where the current record clearly raises serious questions about Applicants' compensation.

7. Additionally, Pioneer may need to coordinate calling its own expert witness to opine on the reasonableness of the fees that Applicants are seeking. Seven days from the date of objection to the evidentiary hearing is insufficient time to allow for this process. Courts routinely allow for experts to testify as to the reasonableness of attorneys' fees, and Pioneer should be given the opportunity to present an expert, to the extent it deems appropriate. *See, e.g., Nissan N. Am. Inc. v. Schrader Elecs., Ltd.*, No. 3:13-CV-180, 2014 WL 5410296, at *11 (M.D. Tenn. Oct. 23, 2014) (recognizing the parties presented dueling experts on the reasonableness of fees requested); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 526 (6th Cir. 2002) (recognizing that the District Court properly analyzed the unrefuted expert testimony regarding the reasonableness of attorneys' fee award); *see also Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 970 (6th Cir. 2018) (recognizing that, while not required, expert testimony is a valid source of evidence for determining the reasonableness of attorneys' fees). Applicants' proposed, truncated timeline would preclude Pioneer from retaining an expert or any expert preparing an appropriate report.

8. As of today, all parties, including Pioneer, have been given one number from which to evaluate the reasonableness of the substantial fees sought: roughly 600 hours expended. This unsubstantiated figure is insufficient for this Court, the United States Trustee, or any creditor to develop an opinion on reasonableness—other than a presumption of unreasonableness. Even if the Applicants were to provide detailed time records between now and the hearing scheduled for August 24, 2021, it is an insufficient amount of time for any party to review and analyze the materials.

9.    Applicants have provided no valid basis for burdening the Court with an expedited review. Applicants assert no extenuating circumstance because none exist. The estate presently has no funds. The distribution from the Delaware Case has not been received by the Bucks Estate. In fact, the Bucks estate may not even have the funds until September 10, 2021 at the earliest. No party will be prejudiced by a 45-day continuance. Conversely, parties will be severely prejudiced by rushing this matter through. The Bankruptcy Code requires transparency and an opportunity for all parties to be heard. Mere days or hours prior to the hearing is insufficient time for parties, and this Court, to review and digest over 600 hours of time records.

## **RELIEF REQUESTED**

10.    Because the current contested matter requires discovery and the production of documents, and because there will be no prejudice in delay, Pioneer respectfully requests that this Court postpone the currently scheduled hearing for forty-five (45) days from the date of the original hearing date to allow Pioneer time to conduct limited discovery on the reasonableness of the Applicants' fees and to potentially obtain an expert witness for the evidentiary hearing.

## **CONCLUSION**

11.    There is no need to rush into a hearing where more than $9 million in estate funds is at issue. Accordingly, Pioneer respectfully requests that this Court enter an order (i) denying Applicants' request for an evidentiary, Zoom video-teleconference hearing on Tuesday, August 24, 2021; (ii) setting an evidentiary hearing no earlier than forty-five (45) days from the date of the originally scheduled hearing; (iii) allowing Pioneer to conduct limited discovery for the purposes of analyzing the reasonableness of Applicants' fees, and (iv) granting such further relief as this Court deems just and proper.

Dated August 18, 2021.  Respectfully submitted,

**NELSON, MULLINS, RILEY & SCARBOROUGH LLP**

/s/ Shane G. Ramsey
Shane G. Ramsey (BPR 35528)
Woods Drinkwater (BPRN 33838)
John T. Baxter (BPR 35405)
Nelson, Mullins, Riley & Scarborough LLP
150 Fourth Avenue North, Suite 1100
Nashville, Tennessee 37219
Phone: 615.664.5355
Fax: 615.664.5399
shane.ramsey@nelsonmullins.com
woods.drinkwater@nelsonmullins.com
john.baxter@nelsonmullins.com
*Counsel for Pioneer Funding Group, LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served upon all counsel of record for the parties at interest in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope; or by email; or electronically through ECF; or by facsimile; or by hand delivering same to each attorney of record as follows:

All counsel and parties of record via ECF

/s/ Shane G. Ramsey
Shane G. Ramsey