# EXHIBIT G

**Execution Version**

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement") is dated as of January 28, 2011, and is by and among, on the one hand, MPT of Bucks County, L.P., a Delaware limited partnership ("MPT"), and on the other hand, DSI Facility Development, LLC ("DSI Development"), DSI Renal Holdings, LLC, as successor-in-interest to DSI Holding Company, Inc. ("DSI Holdings", and together with DSI Development, the "DSI Defendants"), Centre Bregal Partners, L.P., a Delaware limited partnership ("Centre Bregal"), Jerome S. Tannenbaum, an individual resident of Tennessee ("Tannenbaum"), and M. Stephen Harrison, an individual resident of Tennessee ("Harrison", and together with the DSI Defendants, Centre Bregal and Tannenbaum, the "Defendants").

## RECITALS

WHEREAS, MPT has filed an action against the Defendants in the New Castle County Superior Court of the State of Delaware (the "Court"), being Case No. N09C-11-160-CLS (the "Lawsuit"), seeking the recovery of certain sums allegedly due and owing by the Defendants to MPT;

WHEREAS, the Court has issued an Order of Judgment on less than all the claims in this Lawsuit, entered on Sept. 13, 2010 (Transaction ID 33200159), in favor of MPT and against DSI Holding Company, Inc., a Delaware corporation, and its successor-in-interest, DSI Holdings (the "Judgment"); and

WHEREAS, the parties wish to resolve all their disputes amicably by executing this Agreement and entering into mutual releases upon satisfaction of the terms and conditions herein contained;

NOW, THEREFORE, in consideration of the foregoing and of the agreements hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which the parties hereby acknowledge, each to the other, the parties hereto mutually agree as follows:

## ARTICLE I
## SETTLEMENT OF CLAIMS

1.1 **Payment to MPT.** Subject to the provisions of this Agreement, the Defendants shall, within three (3) business days of the execution and delivery of this Agreement by all parties hereto, cause to be paid to MPT the amount of One Million Four Hundred Thousand Dollars ($1,400,000.00) (the "Settlement Amount"), such payment to be made in immediately available funds by wire transfer pursuant to wire transfer instructions provided by MPT.

Case 3:09-bk-03570   Doc 309-9   Filed 11/10/21   Entered 11/10/21 13:07:12   Desc
Exhibit G - MPT Settlement Agreement   Page 2 of 17

DSI-TRUSTEE0203447

## ARTICLE II
## DISMISSAL OF LAWSUIT / SATISFACTION OF JUDGMENT

2.1     <u>Dismissal of Lawsuit</u>.  Promptly upon payment in full of the Settlement Amount, each of the Defendants shall authorize his or its counsel to execute a Stipulation of Dismissal (the "Stipulation"), dismissing the Lawsuit with prejudice and with each party to bear its own attorneys' fees and costs.  Upon receipt of the Stipulation as executed by Defendants, MPT shall cause its counsel to execute and file the Stipulation with the Court.

2.2     <u>Satisfaction of Judgment</u>.  Payment of the Settlement Amount shall constitute satisfaction in full, including all pre- and post-judgment interest, of the Judgment.  Within one week of receiving payment of the Settlement Amount, MPT shall cause satisfaction of judgment to be entered upon the record of such Judgment pursuant to 10 *Del. C.* § 4751(a).

## ARTICLE III
## RELEASE OF CLAIMS

3.1     <u>Release by MPT</u>.  Subject to MPT's receipt of the Settlement Amount and the releases described in sections 3.2-3.7 hereof, MPT, on its own behalf and on behalf of each of its agents, servants, officers, directors, employees, attorneys, parent companies, subsidiaries, affiliates, heirs, executors, successors and assigns (the "<u>MPT Releasors</u>"), does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge each of the Defendants, and each of the Defendants' agents, servants, officers, directors, shareholders, members, employees, attorneys, parent companies, subsidiaries, affiliates, heirs, executors, successors and assigns (collectively, the "<u>Defendant Released Parties</u>"), CDSI I Holding Company, Inc. and its respective subsidiaries and affiliates ("CDSI") and Centre Partners Management LLC and its respective subsidiaries and affiliates ("CPM") from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the State of Delaware, the Commonwealth of Pennsylvania, or any other state, and any claims at common law including contract or tort law, that the MPT Releasors ever had, now has, or can, shall or may have as of the date of this Agreement against the Defendant Released Parties, CDSI and CPM including but not limited to, by reason of, on account of, or arising out of, related to, and/or in connection with any of the facts alleged and/or the claims asserted in the Lawsuit; provided, however, that the foregoing shall not extend to, nor be construed as relating in any way to, MPT's rights under this Agreement.  The parties acknowledge and agree that the foregoing is intended to be a "General Release", as such term is generally understood in the law.

3.2     <u>Release of MPT by DSI Defendants</u>.  Subject to MPT's receipt of the Settlement Amount and to the release described in section 3.1 hereof, each of the DSI Defendants, on its own behalf and on behalf of each of its agents, servants, officers, directors, employees, attorneys,

2

parent companies, subsidiaries, affiliates, heirs, executors, successors and assigns (collectively, the "DSI Releasors"), does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge MPT, and each of its agents, servants, officers, directors, shareholders, members, employees, attorneys, parent companies, subsidiaries, affiliates, heirs, executors, successors and assigns (collectively, the "MPT Released Parties"), from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the State of Delaware, or the Commonwealth of Pennsylvania, or any other state, and any claims at common law including contract or tort law, that the DSI Releasors ever had, now has, or can, shall or may have as of the date of this Agreement against the MPT Released Parties, including but not limited to, by reason of, on account of, or arising out of, related to, and/or in connection with any of the facts alleged and/or the claims asserted in the Lawsuit; provided, however, that the foregoing shall not extend to, nor be construed as relating in any way to, the DSI Defendants' rights under this Agreement. The parties acknowledge and agree that the foregoing is intended to be a "General Release", as such term is generally understood in the law.

      3.3     Release of MPT by Centre Bregal. Subject to MPT's receipt of the Settlement Amount and to the release described in section 3.1 hereof, Centre Bregal, on its own behalf and on behalf of each of its agents, servants, officers, directors, employees, attorneys, parent companies, subsidiaries, affiliates, heirs, executors, successors and assigns (including without limitation (collectively, the "Centre Releasors"), does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge the MPT Released Parties from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the State of Delaware, or the Commonwealth of Pennsylvania, or any other state, and any claims at common law including contract or tort law, that the Centre Releasors ever had, now has, or can, shall or may have as of the date of this Agreement against the MPT Released Parties, including but not limited to, by reason of, on account of, or arising out of, related to, and/or in connection with any of the facts alleged and/or the claims asserted in the Lawsuit; provided, however, that the foregoing shall not extend to, nor be construed as relating in any way to, Centre Bregal's rights under this Agreement. The parties acknowledge and agree that the foregoing is intended to be a "General Release", as such term is generally understood in the law.

      3.4     Release of MPT by Tannenbaum. Subject to MPT's receipt of the Settlement Amount and to the release described in section 3.1 hereof, Tannenbaum, on his own behalf and on behalf of each of his agents, servants, attorneys, heirs, executors, successors and assigns (collectively, the "Tannenbaum Releasors"), does hereby fully, forever, irrevocably and

3

DSI-TRUSTEE0203449

unconditionally, release, remise and discharge the MPT Released Parties from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the State of Delaware, or the Commonwealth of Pennsylvania, or any other state, and any claims at common law including contract or tort law, that the Tannenbaum Releasors ever had, now has, or can, shall or may have as of the date of this Agreement against the MPT Released Parties, including but not limited to, by reason of, on account of, or arising out of, related to, and/or in connection with any of the facts alleged and/or the claims asserted in the Lawsuit; provided, however, that the foregoing shall not extend to, nor be construed as relating in any way to, Tannenbaum's rights under this Agreement. The parties acknowledge and agree that the foregoing is intended to be a "General Release", as such term is generally understood in the law.

       3.5     <u>Release of MPT by Harrison</u>. Subject to MPT's receipt of the Settlement Amount and to the release described in section 3.1 hereof, Harrison, on his own behalf and on behalf of each of his agents, servants, attorneys, heirs, executors, successors and assigns (collectively, the "<u>Harrison Releasors</u>"), does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge the MPT Released Parties from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the State of Delaware, or the Commonwealth of Pennsylvania, or any other state, and any claims at common law including contract or tort law, that the Harrison Releasors ever had, now has, or can, shall or may have as of the date of this Agreement against the MPT Released Parties, including but not limited to, by reason of, on account of, or arising out of, related to, and/or in connection with any of the facts alleged and/or the claims asserted in the Lawsuit; provided, however, that the foregoing shall not extend to, nor be construed as relating in any way to, Harrison's rights under this Agreement. The parties acknowledge and agree that the foregoing is intended to be a "General Release", as such term is generally understood in the law.

       3.6     <u>Release of MPT by CDSI</u>. Subject to MPT's receipt of the Settlement Amount and to the release described in section 3.1 hereof, CDSI, on its own behalf and on behalf of each of its agents, servants, officers, directors, employees, attorneys, parent companies, subsidiaries, affiliates, heirs, executors, successors and assigns (collectively, the "CDSI <u>Releasors</u>"), does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge MPT, and each of its agents, servants, officers, directors, shareholders, members, employees, attorneys, parent companies, subsidiaries, affiliates, heirs, executors, successors and assigns (collectively, the "<u>MPT Released Parties</u>"), from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions,

DSI-TRUSTEE0203450

damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the State of Delaware, or the Commonwealth of Pennsylvania, or any other state, and any claims at common law including contract or tort law, that the CDSI Releasors ever had, now has, or can, shall or may have as of the date of this Agreement against the MPT Released Parties, including but not limited to, by reason of, on account of, or arising out of, related to, and/or in connection with any of the facts alleged and/or the claims asserted in the Lawsuit; provided, however, that the foregoing shall not extend to, nor be construed as relating in any way to, CDSI's rights under this Agreement. The parties acknowledge and agree that the foregoing is intended to be a "General Release", as such term is generally understood in the law.

      3.7    Release of MPT by CPM. Subject to MPT's receipt of the Settlement Amount and to the release described in section 3.1 hereof, CPM, on its own behalf and on behalf of each of its agents, servants, officers, directors, employees, attorneys, parent companies, subsidiaries, affiliates, heirs, executors, successors and assigns (collectively, the "CPM Releasors"), does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge MPT, and each of its agents, servants, officers, directors, shareholders, members, employees, attorneys, parent companies, subsidiaries, affiliates, heirs, executors, successors and assigns (collectively, the "MPT Released Parties"), from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the State of Delaware, or the Commonwealth of Pennsylvania, or any other state, and any claims at common law including contract or tort law, that the CPM Releasors ever had, now has, or can, shall or may have as of the date of this Agreement against the MPT Released Parties, including but not limited to, by reason of, on account of, or arising out of, related to, and/or in connection with any of the facts alleged and/or the claims asserted in the Lawsuit; provided, however, that the foregoing shall not extend to, nor be construed as relating in any way to, CPM's rights under this Agreement. The parties acknowledge and agree that the foregoing is intended to be a "General Release", as such term is generally understood in the law.

## ARTICLE IV
## MISCELLANEOUS

      4.1.    Successors and Assigns. This Agreement shall be binding upon the parties hereto and their respective heirs, administrators, representatives, executors, predecessors, successors and assigns, and shall inure to the benefit of each of the parties here, and to their respective heirs, administrators, representatives, executors, predecessors, successors and assigns.

      4.2    Voluntary Act. The parties acknowledge that they have read and fully understand the terms of this Agreement; that each executed this Agreement without any threat, force, fraud, duress or representation of any kind by any person or entity whatsoever; and that each party

DSI-TRUSTEE0203451

acknowledges that they are aware of the rights to which they otherwise were entitled by reason of the Lawsuit. Each of the parties hereby represents and warrants that they have had full and adequate opportunity to investigate the nature and extent of the claims against each other and then decided to enter into this Agreement. Each party further acknowledges that at the time of execution of this Agreement, he or it was completely capable of understanding the character of his or its acts and deeds and was in complete charge of all of his or its faculties and capable of executing this Agreement and of understanding the significance of his or its acts. All of the parties hereby represent and warrant that they have had the opportunity to have full and appropriate representation by counsel of their own choice and that after consultation with their respective attorneys, after being duly apprised of their rights with respect to the Agreement, and after having read this Agreement line by line, each freely accepts the terms, conditions, and provisions hereof and enters into this Agreement voluntarily and without any coercion or constraint.

    4.3    <u>Complete Agreement</u>. This Agreement is intended by the parties as the final expression of their agreement and as a complete and exclusive statement of the terms and provisions thereof. This Agreement supersedes any and all other agreements, representations, understandings, negotiations, or discussions, either oral or in writing, express or implied, concerning the subject matter herein between MPT, on the one hand, and the Defendants, on the other hand. Nothing other than this Agreement shall be relevant or admissible to supplement, explain or vary any of the terms and provisions set forth herein as between the parties. Defendants and MPT acknowledge that none of the parties, nor any agent or attorney of any party, has made any promise, representation, or warranty whatsoever, express or implied, and not contained herein, concerning the subject matter hereof to induce any party to execute or authorize the execution of this Agreement, and Defendants and MPT acknowledge that they have not executed or authorized the execution of this Agreement in reliance upon any such promise, representation, or warranty not contained herein.

    4.4    <u>Governing Law</u>. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Delaware without reference to its conflict of laws provisions.

    4.5    <u>Headings</u>. The headings of sections in this Agreement are provided for convenience only and shall not affect its construction or interpretation.

    4.6    <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original of this Agreement and all of which, when taken together, shall be deemed to constitute one and the same agreement. Delivery of an executed counterpart of a signature page to this Agreement by telecopier shall be effective as delivery of a manually executed counterpart of this Agreement.

    4.7    <u>No Third Party Beneficiaries</u>. This Agreement is for the sole benefit of the parties hereto and their permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other person any legal or equitable benefit, claim, cause of action, remedy or right of any kind.

DSI-TRUSTEE0203452

4.8    Further Acts. The parties hereto agree to sign, seal, acknowledge and deliver such other instruments, documents and papers, and to do such other acts and things as may be necessary or appropriate to carry out the intent of this Agreement.

4.9    Ownership of Claims. The parties represent and warrant that the entities signing this Agreement are the sole owners of the actual or alleged claims, demands, rights, causes of action and other matters which are herein released, that the same have not been assigned, transferred or disposed of and that they have the full right and power to grant, execute and deliver the releases and agreements herein contained.

4.10    Notice. Any notice required pursuant to this Agreement shall be deemed duly given if sent by hand delivery, overnight delivery (with confirmation of receipt), or registered or certified mail, postage prepaid, to the following addresses, or to such other address as a party may designate by notice to the other parties within one week of the change of any address set forth below:

(a)    If to MPT:

Steve Hamner, Executive Vice President, Chief Financial Officer
Medical Properties Trust, Inc.
1000 Urban Center,
Suite 501.
Birmingham Al.35242

With a copy (which shall not constitute notice) to:

Gary F. Traynor, Esq.
Prickett, Jones & Elliott, P.A.
1310 N. King Street
P.O. Box 1328
Wilmington, DE 19899-1328

and

Ed Meyerson, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
1600 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203

(b)    If to the DSI Defendants:

Jay A. Yalowitz, Esq.
424 Church Street, Suite 1900
Nashville, Tennessee 37219

7

DSI-TRUSTEE0203453

With a copy (which shall not constitute notice) to:

    Claude M. Tusk, Esq.
    Dechert LLP
    1095 Avenue of the Americas
    New York, NY 10036

(c)     If to Centre Bregal:

    Michael Schnabel, Managing Director
    Centre Partners Management LLC
    30 Rockefeller Plaza, 50th Floor
    New York, NY 10020

With a copy (which shall not constitute notice) to:

    Edward D. Kutchin, Esq.
    Berluti McLaughlin & Kutchin LLP
    Two Center Plaza, Suite 620
    Boston, MA 02108

(d)     If to Tannenbaum:

    Jerome S. Tannenbaum
    511 Union Street
    Suite 1800
    Nashville, TN 37219

With a copy (which shall not constitute notice) to:

    W. David Bridgers, Esq.
    Neal & Harwell, PLC
    150 Fourth Avenue North, Suite 2000
    Nashville, TN 37219

(e)     If to Harrison:

    M. Stephen Harrison
    424 Church Street, Suite 1900
    Nashville, Tennessee 37219

DSI-TRUSTEE0203454

With a copy (which shall not constitute notice) to:

Steven A. Riley, Esq.
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN  37203

4.11   Amendment.  This Agreement cannot be amended, released, discharged, changed, modified or terminated in any manner without the consent, in writing, of all the parties hereto.

4.12   Severability.  The unenforceability or invalidity of any provision hereof shall not affect the force and validity of the remaining provisions, and any provision determined by a court of competent jurisdiction to be unenforceable or invalid shall be severed herefrom.

4.13   Admissibility of Agreement.  The parties agree that in the event of a breach of this Agreement by any of the parties, this Agreement is admissible into evidence in any action to enforce this Agreement.

4.14   Jurisdiction; Legal Costs.  Any legal action or other proceeding for any purpose with respect to this Agreement shall be brought exclusively in any court of competent jurisdiction sitting in the State of Delaware, and the parties hereto agree to submit to the jurisdiction of such court and to comply with all requirements necessary to give such court exclusive jurisdiction thereof.  The losing party to any such proceeding shall pay all costs (including reasonable, documented attorney's fees) of the other party with respect to the proceeding.

4.15   Expenses.  Each party hereunder shall be responsible for his or its own expenses, including, but not limited to, attorney's fees and any and all other expenses incurred in connection with the Lawsuit and the preparation of this Settlement Agreement.

## ARTICLE V
## Confidentiality

5.1   Confidentiality.  Each of the parties hereto agrees not to disclose the existence, provisions, terms or conditions of this Agreement to any person, unless required by law or compelled by legal process, except that disclosure may be to its or his professional advisors, who must also agree to keep such information confidential except as they may be otherwise compelled by valid legal process; provided, however, that either party may disclose the terms of this Agreement in any filings made to the U.S. Securities and Exchange Commission to the extent deemed reasonably necessary by such party.

[*Signature page follows*]

Case 3:09-bk-03570    Doc 309-9    Filed 11/10/21    Entered 11/10/21 13:07:12    Desc

DSI-TRUSTEE0203455

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as an instrument under seal all as of the day and year first above written.

MPT OF BUCKS COUNTY, L.P.

By:_____
   Name:
   Title:

DSI FACILITY DEVELOPMENT, LLC

By: /s/ Jay Yalowitz
   Name: Jay Yalowitz
   Title: Secretary

CENTRE BREGAL PARTNERS, L.P.

By: Centre Partners IV L.P., Its general partner

By: Centre Partners IV LLC, Its general partner

By:_____
   Name:
   Title:

DSI RENAL HOLDINGS, LLC

By: /s/ Jay Yalowitz
   Name: Jay Yalowitz
   Title: Secretary

DSI-TRUSTEE0203456

CENTRE PARTNERS MANAGEMENT LLC (**solely for purposes of Section 3.7 hereof**)

By: _____
   Name:
   Title:

CDSI I HOLDING COMPANY, INC. (solely for purposes of Section 3.6 hereof)

By: _____ [signature]
   Name: Jay Yalowitz
   Title: VP-Secretary

_____
Jerome S. Tannenbaum

_____
M. Stephen Harrison

F:\Files\5258\Documents\MPT-DSI Settlement Agmt_v02.doc

DSI-TRUSTEE0203457

CENTRE PARTNERS MANAGEMENT LLC (**solely for purposes of Section 3.7 hereof**)

By:_____
   Name:
   Title:

CDSI I HOLDING COMPANY, INC. (**solely for purposes of Section 3.6 hereof**)

By:_____
   Name:
   Title:

_____
Jerome S. Tannenbaum

*/s/ M. Stephen Harrison*
M. Stephen Harrison

F:\Files\5258\Documents\MPT-DSI Settlement Agmt_v02.doc

DSI-TRUSTEE0203458

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as an instrument under seal all as of the day and year first above written.

MPT OF BUCKS COUNTY, L.P.

By: _____
    Name:
    Title:

DSI FACILITY DEVELOPMENT, LLC

By: _____
    Name:
    Title:

CENTRE BREGAL PARTNERS, L.P.

By: Centre Partners IV L.P., Its general partner

By: Centre Partners IV LLC, Its general partner

By: _/s/_____
    Name: Bruce G. Pollack
    Title: Member

DSI RENAL HOLDINGS, LLC

By: _____
    Name:
    Title:

DSI-TRUSTEE0203459

CENTRE PARTNERS MANAGEMENT
LLC (solely for purposes of Section 3.7
hereof)

By: _____
Name: Bruce G. Pollack
Title: Managing Partner

CDSI I HOLDING COMPANY, INC.
(solely for purposes of Section 3.6 hereof)

By: _____
Name:
Title:


_____
Jerome S. Tannenbaum


_____
M. Stephen Harrison

F:\Files\5258\Documents\MPT-DSI Settlement Agmt_v02.doc

DSI-TRUSTEE0203460

CENTRE PARTNERS MANAGEMENT
LLC **(solely for purposes of Section 3.7 hereof)**

By: _____
    Name:
    Title:

CDSI I HOLDING COMPANY, INC.
**(solely for purposes of Section 3.6 hereof)**

By: _____
    Name:
    Title:

_____
Jerome S. Tannenbaum

_____
M. Stephen Harrison

DSI-TRUSTEE0203461

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as an instrument under seal all as of the day and year first above written.

MPT OF BUCKS COUNTY, L.P.

By: *[signature]*
Name:   Emmett E. McLean
Title:   Executive Vice President and COO

DSI FACILITY DEVELOPMENT, LLC

By: _____
Name:
Title:

CENTRE BREGAL PARTNERS, L.P.

By: Centre Partners IV L.P., Its general partner

By: Centre Partners IV LLC, Its general partner

By: _____
Name:
Title:

DSI RENAL HOLDINGS, LLC

By: _____
Name:
Title:

DSI-TRUSTEE0203462