# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BUCKS COUNTY ONCOPLASTIC | ) | Case No. 09-03570-MFH3-7 |
| INSTITUTE, LLC, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |

## CHAPTER 7 TRUSTEE'S LIMITED RESPONSE TO THE OBJECTIONS OF PIONEER FUNDING GROUP, LLC TO PROOF OF CLAIM 53 FILED BY MPT OF BUCKS COUNTY, L.P. TO ADDRESS CERTAIN MISSTATEMENTS RELATED TO THE TRUSTEE'S ACTIONS IN THIS CASE [Dkt. ## 303, 309]

**COMES NOW** Eva M. Lemeh, the Trustee ("**Trustee**"), by and through counsel, and responds to Pioneer Funding Group, LLC's ("**Pioneer's**") Objections [Dkt. ## 303, 309]. Through this Response, the Trustee seeks to correct certain misstatements made by Pioneer. In support of her Response, the Trustee respectfully submits the following:

### SUMMARY OF THE FACTS & RELEVANT BACKGROUND[1]

1. Bucks County Oncoplastic Institute (the "**Debtor**") filed a voluntary Chapter 7 petition on March 30, 2009 [Dkt. # 1].

2. Eva M. Lemeh is the duly appointed and acting Trustee in this case [Dkt. # 7].

3. On November 4, 2021, Pioneer filed its Objection [Dkt. # 303], a 747-page document with multiple attachments and exhibits. Pioneer amended the Objection six days later, on November 10, 2021 [Dkt. # 309].

4. In both Objections, Pioneer made multiple statements about the Trustee's activities that are misleading and/or mischaracterize the actions taken by her. The Trustee, pursuant to her

---

[1] This case has a protracted history. As such, and to preserve judicial economy, the Trustee adopts and incorporates the section labeled "Summary of the Facts & Relevant Background" in her previously filed *Chapter 7 Trustee's Objection to Claim of Pioneer Funding Group, LLC* (Dkt. # 294, ¶¶ 1–13) here.

obligations under 11 U.S.C. § 704 to act in the best interest of the estate and all parties in interest, believes she must correct such misstatements. The Trustee does so below in turn.

## ARGUMENT & CORRECTIONS OF MISSTATEMENTS[2]

5. In Pioneer's Objections [Dkt. # 303, 309], the following statements are either misleading, untrue, or assumed without requisite information:

   a. Paragraphs 29, 30 [pp. 9, 10]: Pioneer assumes that because the Trustee valued the MPT claim at $0.00, that she "did not view the August 2009 Claim as legitimate or valid in this bankruptcy case, as the amount of the claim was calculable and MPT never sought to amend its claim prior to the approval of the TFR or the distributions thereunder."

      i. **Pioneer's assumptions are incorrect and misleading. The Trustee has no way to state in her TFR that a claim is valued as "unknown" or "not calculated," she must choose a number or no number at all. Thus, when the MPT claim was on record as filed in an "unknown amount" the MPT claim was shown at $0.00 in the TFR. There should be no implications drawn from the use of the $0.00 figure as to the Trustee's views of the legitimacy of the claim.**

   b. Paragraph 31 [p. 10]: Pioneer states, "the Trustee in the Delaware Bankruptcy invited and encouraged the Trustee to file a large claim in the Delaware Bankruptcy in order to substantiate and bolster the merits of his litigation in the Delaware Adversary Proceeding."

---

[2] The text pulled from the Objections are in regular typeface. The Trustee's responses are in **bold.**

**i.** This assertion is also misleading and mischaracterizes the interactions between Ms. Lemeh and the Delaware Trustee. Trustee Lemeh was not encouraged to file a claim in the Delaware Bankruptcy case in the hopes of bolstering an adversary proceeding. Counsel for the Delaware Trustee contacted counsel for Trustee Lemeh, Phillip Young, and informed him of the Delaware adversary proceeding and sent him a copy of the complaint. Upon review of the complaint, Trustee Lemeh and Mr. Young commenced a review of the legal options for the Bucks County estate and ultimately concluded that Bucks County held a valid claim in the Delaware case. For several weeks after coming to this conclusion, Trustee Lemeh and Mr. Young reviewed and calculated and re-calculated the maximum amount of the claim that could be asserted in the Delaware case. As part of this process, she contacted any creditor that did not have a stated amount on its claim, which included MPT. Accordingly, Trustee Lemeh filed her proof of claim without an agenda other than to recover sums rightly due to the Bucks County estate. At all times, the Trustee acted without predisposition and in the hopes of maximizing recovery for the creditor body. And in fact the Trustee's actions have resulted in a recovery of almost $30,000,000.00 for this estate.

c. Paragraph 32 [pp. 10, 11]: Pioneer claims that the amended MPT claim was "astounding," and "the astronomical size of this claim was attributable, in part, to the Trustee's desire to have the largest possible claim in Delaware."

   i. **Here again, Pioneer mischaracterizes the actions of the Trustee in how she went about pursuing a claim in the Delaware case. After multiple weeks of reviewing pleadings in the Delaware case, the Trustee determined she had a legal basis to file a proof of claim. Of course, the claim had to be the maximum amount to achieve the greatest recovery for the Bucks County creditors. In order to attain this goal, the Trustee contacted creditors with unknown amounts of claims to give them the opportunity to state what each was owed in the event there was a recovery in the Delaware case. The Trustee did not manufacture amounts or encourage any creditor to add additional figures without a legal basis to the claims against Bucks County. As a fiduciary for the estate, she made the claim for the maximum amount the estate could recover.[3]**

d. Paragraph 36 [pp. 12, 13]: Pioneer suggests some sort of stratagem between Phillip Young ("**Young**"), MPT, and the Trustee: "MPT submitted a copy of its proposed MPT Proof of Claim to the Trustee, who accepted it as-is and effectively told MPT that its claim would be approved in Tennessee if it removed its claim in Delaware." Pioneer describes this alleged

---

[3] The Trustee reviewed the basis for filing a proof of claim for almost seven months. It was not a rash or uninformed decision.

arrangement as a "deal," and argues that such "deal" was made "with little-to-no resistance from the Trustee."

      **i. Once again, Pioneer's statements regarding the actions of the Trustee are misleading and simply not true. The Trustee did not strike a "deal" with MPT assuring them of an allowed claim in the Bucks County case. In fact, she told MPT if it took money under its Delaware claim, it would be prohibited from taking a distribution in the Bucks County case because it would amount to a double recovery for MPT. The Trustee makes it her practice, generally, not to inform creditors that their claims will be allowed. Her standard practice is to inform creditors that the status of their claims will be made clear when her Final Report is filed and her practice has been no different in this case.**

6. Having responded to several misstatements contained in the Pioneer Objections, the Trustee reserves her rights to further address how she exercised her duties as Trustee for Bucks County at the hearing on the merits of this matter.

      Respectfully submitted this 29th day of November, 2021.

      */s/ David W. Houston, IV*
      David W. Houston, IV (BPR #20802)
      BURR & FORMAN LLP
      222 Second Avenue South, Suite 2000
      Nashville, TN 37201
      Telephone: (615) 724-3215
      Facsimile: (615) 724-3315
      E-mail: dhouston@burr.com

      *Attorney for the Trustee*

# **CERTIFICATE OF SERVICE**

      I certify that the foregoing document has been served upon all counsel of record for the parties at interest in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope; or by email; or electronically through ECF; or by facsimile; or by hand delivering same to each attorney of record as follows:

      All counsel and parties of record via ECF.

      */s/ David W. Houston, IV*
      David W. Houston, IV

      *Counsel for Trustee Eva M. Lemeh*

46736088 v1
6
Case 3:09-bk-03570    Doc 323    Filed 11/29/21    Entered 11/29/21 10:20:41    Desc Main
Document    Page 6 of 6