Marian F. Harrison
US Bankruptcy Judge

Dated: 12/10/2021

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 3:09-bk-03570 |
| | ) | |
| Bucks County Oncoplastic Institute, LLC, | ) ) | Chapter 7 |
| | ) | Hon Marian F. Harrison |
| Debtor. | ) ) | |

## ORDER RULING ON MOTION TO COMPEL

This matter came before the Court on the Motion to Compel (DE # 307) filed by the Trustee's counsel. Pioneer Funding Group filed a Response (DE # 330). The Court heard oral argument on the Motion on December 7, 2021. After considering the Motion, the Response, the arguments of the parties, and applicable law, the Court rules as follows:

1. The underlying dispute (the Trustee's counsel's fee application (DE # 253) and Pioneer's response (DE # 257) is a contested matter. Pursuant to Federal Rule of Bankruptcy Procedure 9014(c), Federal Rule of Bankruptcy Procedure 7026 applies to a contested matter, except as otherwise provided in Rule 9013. The second sentence of Rule 9014(c) sets out the subsections of Federal Rule of Civil Procedure 26 that do not apply in a contested matter. Federal Rule of Civil Procedure 26(b), "Discovery Scope and Limits," is not one

of the subsections that is listed in the second sentence of Rule 9013. Accordingly, Federal Rule of Civil Procedure 26(b) applies in this contested matter.

2. Federal Rule of Civil Procedure 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

3. Under Rule 26(b)(1), there are two components to the inquiry before the Court: first the Court must determine whether the information is "relevant" to the issues in the underlying contested matter. Second, the Court must determine whether the information sought is proportional to the needs of the case. In this case, however, Pioneer overwhelmingly focused its argument on the "relevance" prong, with little argument that production of the information, if relevant, would nonetheless be unduly burdensome. Accordingly the Court will focus its analysis on the relevance prong.

4. "Relevance for discovery purposes is extremely broad. The term 'relevant' has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[1]

5. Here, the Motion to Employ Delaware Counsel (DE # 195)[2] provides that "[B]oth Dilworth and Thompson Burton, PLLC understand that the fee granted herein must meet standards of reasonableness in light of the time expended, their expertise, the difficulty of the matter, the risk that each firm is taking, the result obtained, and all other matters that this Court would consider pursuant to local rules and applicable rules of ethics."[3] The Court's Order (DE # 205) incorporated "the terms more fully detailed in the Motion."

---

[1] *Barrio Bros., LLC v. Revolucion, LLC*, No. 1:18-CV-02052, 2021 WL 282549, at *3 (N.D. Ohio Jan. 28, 2021) (internal citations and marks omitted); *see also Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) ("Federal Rule of Evidence 401 defines 'relevant evidence' as evidence that 'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.' The parties do not appear to dispute that the definition of relevance found in Rule of Evidence 401 is also the definition that applies under Rule of Civil Procedure 26(b)(1), albeit with the caveat that information discoverable under Rule 26(b)(1) need not be 'evidence' in the sense of being admissible as such.").

[2] The Court will refer only to the motion and order to employ Delaware Counsel. The Supplemental Motion and Order to Employ Tennessee Counsel on a contingency basis (DE # 194 (Motion) and DE # 223 (Order) contained similar language for purposes of the present motion to compel.

[3] (DE # 195 at ¶ 13).

Thus, facts relating to the paragraph 13 factors are "relevant" in this contested matter.

6. The Court finds that the initial purchase price at which Siemens Financial Services, a large sophisticated company, sold its position to Pioneer, a bankruptcy claims trader, is relevant.[4] This transaction occurred only a year before the contingency fee engagement at issue. The price for this transaction between a sophisticated buyer and seller, close in time to the commencement of the contingency work, could help establish the difficulty of the matter, the risk the Tennessee bankruptcy estate was taking, and the result obtained.

7. The Court finds that Pioneer's subsequent internal discussions about the value of the claim are also relevant. Subsequent increases or changes in the internal valuation are discoverable with respect to the factors under paragraph 13. For example, the information obtained by this discovery could be used to show that Pioneer's present position to the Court contradicts what it was saying and thought internally, at the time, about the facts going into the paragraph 13 factors.

8. The Court will allow discovery into Pioneer's business model, at a high level, so that the parties can understand the significance of this matter to

---

[4] The Court reserves all rulings on the admissibility (including relevance) of evidence presented at trial. Any rulings concerning relevance in this Order solely relate to relevance for purposes of the scope of discovery.

Pioneer for purposes of explaining Pioneer's internal assessment of the risk. The Court will not permit the Trustee's counsel to discover the details of other proofs of claim (what Pioneer paid, what Pioneer recovered, etc.), but will permit discovery on Pioneer's business and financial structure for purposes of understanding the significance of the claim Pioneer purchased in this case and the importance of this case to the overall picture for Pioneer.

9. The Court has endeavored to give the parties rulings on an overall basis since fact depositions are ongoing. Turning to the particular interrogatories that are included in the motion:

　　a. Interrogatory No. 3 will be allowed, in general, with the carve-outs noted above.

　　b. Interrogatory No. 12 will be allowed, including the purchase price paid.

　　c. Interrogatory No. 13 will be allowed, including communications with any investors or lenders in Pioneer's position in this case.

　　d. Interrogatories No. 14 and 15 are not dealt with by this Order.

　　e. Interrogatory No. 16 is a catch-all. It is not allowed.

10. Pioneer has requested a Protective Order to designate as Confidential the information disclosed pursuant to this Order, and Trustee's Counsel has no objection to such a Protective Order. Accordingly, the parties shall jointly submit a proposed Protective Order for entry by the Court.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE PAGE.**

Respectfully submitted for Entry:

*/s/ Michael G. Abelow*
Michael G. Abelow (No. 26710)
Robert J. Mendes (No. 17120)
Will D. Pugh (No. 37616)
SHERRARD ROE VOIGT &
HARBISON, PLC
150 3rd Ave. South, Suite 1100
Nashville TN 37201
(615) 742-4532
mabelow@srvhlaw.com
bmendes@srvhlaw.com
wpugh@srvhlaw.com

*Counsel for Thomspon Burton, PLLC and Dilworth Paxson, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2021, I served a copy of the foregoing Proposed Order Granting Motion to Compel by ECF.

*/s/ Michael G. Abelow*
Michael G. Abelow

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.