*Marian F. Harrison*
Marian F. Harrison
US Bankruptcy Judge



Dated: 12/14/2021

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BUCKS COUNTY ONCOPLASTIC | ) | Case No. 3:09-bk-03570 |
| INSTITUTE, LLC | ) | Chapter 7 |
| | ) | Judge Harrison |
| Debtor. | ) | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential and ensure that protection is afforded to material so entitled, the Parties[1] agree to this confidentiality agreement and protective order (the "**Agreed Protective Order**") and agree to submit it for entry by the Court to govern the handling of certain designated information and documents produced by Pioneer. The Parties agree as follows:

1. This Agreed Protective Order shall govern certain designated information that is produced by Pioneer pertaining to the *Order Ruling on Motion to Compel* [ECF No. 343] (the "**Court Order**") entered by the Court.

2. Pioneer may designate material or information disclosed or produced related to the Court Order as "Confidential."

3. Pioneer may designate material or information as Confidential by:

---

[1] The "**Parties**" to this Agreed Protective Order are: Pioneer Funding Group, LLC ("**Pioneer**"), Thompson Burton PLLC, Dilworth Paxson LLP, and the United States Trustee.

1

(a) With regard to documents, responses to discovery requests and tangible objects, the producing party may affix (as by writing, stamping, labeling or the like) to the page or item containing or disclosing the confidential information the term "CONFIDENTIAL," or by providing written notice to all other Parties in the action, before or at the time of production of such materials, that adequately describes the materials to be treated as "Confidential."

(b) With regard to information disclosed at a deposition, the producing party, or its counsel, may designate such information as "confidential" by so indicating on the record at the deposition the testimony to which the designation applies; or by notifying the court reporter and all Parties to this action, within ten (10) calendar days of receipt of the deposition transcript, of the portions of the testimony that should be designated as "Confidential." At the producing party's option, portions of a deposition transcript that have been designated as "Confidential" may be bound separately from the rest of the transcript and marked as such. A producing party has the right, at the deposition, to have deposition testimony containing "Confidential" information heard only by those permitted under this Agreed Protective Order to have access to such information.

4. Information designated as "Confidential" (including but not limited to summaries, abstracts, copies, indices and exhibits) shall be used solely for purposes of this action and shall not be disclosed to anyone other than the persons permitted under this Agreed Protective Order.

5. Information designated as "Confidential" (including but not limited to summaries, abstracts, copies, indices and exhibits) shall not be made available and shall not be disclosed to anyone other than the following persons:

(a) The Parties to this dispute, including those officers, directors, employee representatives, and in-house counsel who are involved in the prosecution or defense of this action

and who have a need to know the information at issue in connection with the prosecution or defense of this action;

(b) Any party or agency to which the U.S. Trustee has an ethical or statutory duty to report;

(c) Outside counsel of record working on this action on behalf of any party to this action, together with the assistants, secretaries, paralegals and/or other clerical personnel who are actively assisting such counsel in the preparation of this action;

(d) The Court and any person employed by the Court whose duties require access to "Confidential" information;

(e) Court stenographers, court reporters, and their staff; outside deposition video services and their staff; outside copy services, translators, and graphics or design services, retained or engaged by a Party's outside counsel in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action; provided that all of the above-listed persons are provided with a copy of this Agreed Protective Order and agree to comply with it;

(f) Other than any judge of the United States Bankruptcy Court for the Middle District of Tennessee, who may view any and all relevant information without the strictures of this Agreed Protective Order, any mediators who attempt to mediate this action (if any), together with their staff, provided the mediator is furnished with a copy of this Agreed Protective Order and agrees to comply with it; and

(g) Outside experts and consultants retained, consulted or specifically employed by any counsel or party to this action in connection with the preparation, trial, or appeal of this action,

3

together with the employees and assistants thereof ("**Retained Expert**s"), provided the Retained Expert is furnished with a copy of this Agreed Protective Order and agrees to be bound hereby.

6. Notwithstanding the provisions of Sections 4 and 5 above, those identified on the face of a document or otherwise (such as through testimony) as the author, drafter, or addressee of the document, or identified as having authority to view the information contained therein, shall be permitted to view and have access to the particular document in question.

7. Information produced in this action that has been designated as "Confidential," and the information derived therefrom (including excerpts, summaries, extracts, compilations and the like), shall be used only in connection with the prosecution or defense of this litigation or any ancillary litigation that results from this litigation involving the matters at issue in this litigation; shall be kept confidential by those who receive it; and shall be maintained at a location and in a manner that ensures that access to the information will be limited to those persons entitled to have such access under this Agreed Protective Order. Notwithstanding the foregoing, the producing party shall be free to do whatever it desires with its own information.

8. If a party desires to file materials designated as "Confidential" with the Court or to disclose in a filing information designated as "Confidential," the party shall take all steps required to file the materials under seal pursuant to section 107 of the Bankruptcy Code, at which point Pioneer will bear the burden of establishing why such information should be filed under seal. It shall not be a violation of this Agreed Protective Order if the Court ultimately refuses to seal a document or filing, or later unseals a document or filing subject to this Agreed Protective Order.

9. This Agreed Protective Order shall remain in force and effect and shall continue to be binding on all Parties to this Order and affected persons after the conclusion of this action. When this action is finally concluded by means of a final, non-appealable order, all parties who

received materials designated as "Confidential" shall return such materials to the producing party or destroy such materials within 45 days of the final conclusion of this action. Upon written request and within 60 days of the conclusion of this action, each party to this Agreed Protective Order shall confirm in writing to all other Parties that they have complied with this Section. Notwithstanding the above, outside counsel for a Party may indefinitely retain, subject to this Agreed Protective Order, copies of any "Confidential" material in accordance with its internal document retention policies and procedures, provided that outside counsel does not disclose the retained document(s) to the client or any third party or use the retained document(s) in or for any other matter or action unrelated to the claims in the Complaint of this action, including a matter or action against the producing party.

10. Should a party to this Agreed Protective Order be commanded or compelled to produce materials or information designated by another party hereunder as "Confidential" as by subpoena, civil investigative demand, or discovery request in a separate action or similar compulsory process that subjects the recipient to sanctions unless complied with, the party must (1) provide the producing party with written or electronic notice and a copy of the compulsory process; and (2) forebear, to the extent reasonably feasible and to the extent permitted by law, producing such materials or information for at least five (5) business days after the producing party's receipt of such written notice, interposing, if necessary, any reasonable objections, and providing, if necessary or prudent, a copy of this Agreed Protective Order to the person seeking to command or compel the materials or information, so that the party designating the materials or information as "Confidential" may have an opportunity to intervene to protect its interests.

11. If any of the Parties believe that material or information that has been designated as "Confidential" should not have been so designated, that party may move to alter or remove the

objectionable designation, following the exhaustion of a good-faith effort to resolve its objection with counsel for the producing party. In connection with any motion challenging the "Confidential" designation of material or information, the producing party shall have the burden of proof to support the confidential nature of the material or information.

12. Nothing in this Agreed Protective Order shall prevent or otherwise restrict any counsel from rendering advice to that counsel's client who is presently a party to this action, or from examining any witness, and in the course thereof, relying upon an examination of material or information subject to this Agreed Protective Order, provided, however, that in rendering such advice or examining the witness, the counsel shall not disclose the substance of such material or information to those not authorized hereunder to receive such material or information.

13. Nothing in this Agreed Protective Order shall prevent a party from seeking additional protection of its materials or information, or from seeking a modification of this Agreed Protective Order. This Agreed Protective Order is without prejudice to the rights of any party or non-party to seek such additional or other relief relating to discovery as may be appropriate.

14. The Parties acknowledge that this Agreed Protective Order shall be effective as between the Parties immediately upon its execution by counsel for such Parties and shall be enforceable by the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division.

15. The provisions of this Agreed Protective Order survive the conclusion of the proceeding of this matter, and the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division shall retain jurisdiction to enforce this Agreed Protective Order and remedy for its violation.

**IT IS SO ORDERED.**

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE PAGE.**

Respectfully submitted:

*/s/ Shane G. Ramsey*
Shane G. Ramsey (BPRN 35528)
John T. Baxter (BPRN 35405)
Nelson Mullins Riley & Scarborough LLP
One Nashville Place
150 Fourth Avenue, North, Suite 1100
Nashville, TN 37219
Tel: (615) 664-5399
Email: shane.ramsey@nelsonmullins.com
Email: john.baxter@nelsonmullins.com


*/s/ Michael G. Abelow (with permission)*
Michael G. Abelow (No. 26710)
Robert J. Mendes (No. 17120)
Will D. Pugh (No. 37616)
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Ave. South, Suite 1100
Nashville TN 37201
(615) 742-4532
mabelow@srvhlaw.com
bmendes@srvhlaw.com
wpugh@srvhlaw.com


*/s/ Megan Seliber (with permission)*
Megan Seliber, Trial Attorney
Office of the United States Trustee
701 Broadway, Suite 318
Nashville, TN 37203
(615) 695-4060/Fax: (615) 736-2260
megan.seliber@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that the foregoing document has been served upon all counsel of record for the parties at interest in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope; or by email; or electronically through ECF; or by facsimile; or by hand delivering same to each attorney of record as follows:

All counsel and parties of record via ECF


December 13, 2021                                                 /s/ Shane G. Ramsey
                                                                          Shane G. Ramsey

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.