# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 3:09-bk-03570 |
| | ) | |
| Bucks County Oncoplastic Institute, LLC, | ) | Chapter 7 |
| | ) | |
| | ) | Hon Marian F. Harrison |
| Debtor. | ) | |
| | ) | |

## SETTLEMENT TERM SHEET

With the assistance of the Honorable Randal Mashburn, who has conducted a lengthy Judicial Settlement Conference over a period of months, the parties have reached the following settlement agreement on the (1) Motion for Allowance of Compensation of THOMPSON BURTON PLLC and DILWORTH PAXSON LLP[1] ("Chapter 7 Trustee's Former Counsel") to which Pioneer Funding Group, LLC ("Pioneer")[2] and the United States Trustee[3] have objected; and (2) Claim #53 of MPT of Bucks County, L.P. ("MPT") to which Pioneer has objected;[4] and (3) Claim #49 of Pioneer, to which the Chapter 7 Trustee has objected (together, as the "Contested Matters").[5]

---

[1] (DE # 253).
[2] (DE # 257).
[3] (DE # 333)
[4] (DE # 309)
[5] (DE # 294).

1

The Chapter 7 Trustee's Former Counsel, Pioneer, MPT, and the Chapter 7 Trustee have agreed to the following to resolve the various disputes described above:

1. For all of its claims in this case (Claim Nos. 11, 26, 29, 49, and 51), Pioneer shall receive a distribution of ten million dollars ($10,000,000.00).

2. For its claim in this case (Claim No. 53), MPT shall receive a distribution of nine million seven hundred thousand dollars ($9,700,000.00).

3. Together, all of the claims owned by Pioneer and MPT shall be the "Resolved Claims." All allowed unsecured claims other than the Resolved Claims shall be paid in full without interest.

4. Subject to paragraph 5 below, the Chapter 7 Trustee's Former Counsel shall be paid the remainder of the funds in the bankruptcy estate (after payment of the Resolved Claims, all allowed unsecured claims other than the Resolved Claims, the Chapter 7 Trustee's commission, payment of the fees of the Chapter 7 Trustee's current counsel BURR FORMAN, and other allowed administrative expenses of the estate, if any).

5. The Estate currently has **$27,157,232.10** in funds, and the parties anticipate that the Estate may receive an additional $180,000 in funds from the Delaware bankruptcy estate, for a total of **$27,337,232.10**. If the Estate, instead of receiving an additional $180,000 in funds, receives $209,702 or more (for a total of $27,400,000.00), then any overage above the $27,400,000 shall be

2

split equally between Pioneer and MPT rather than going to the Chapter 7 Trustee's Former Counsel.

6. The parties shall promptly file a motion for approval of this settlement under Rule 9019.

7. The parties agree that, upon full execution of this Settlement Term Sheet, they shall each pause all litigation and hearing preparation activities related to the Contested Matters and will work together to expeditiously seek Court approval of this settlement.

8. The parties agree that the payments in paragraphs 1 and 2 shall be paid as expeditiously as possible, within the limitations of the U.S. Trustee's guidelines, after approval of the compromise and settlement by the Court, and the parties will use their best efforts to seek payment within 30 days after approval.

9. Although the United States Trustee's office is not a party to this Term Sheet, the parties are informed that the United States Trustee will withdraw its objection to the Motion for Allowance of Compensation of the Chapter 7 Trustee's Former Counsel, and does not object to the settlement reached herein.

10. The settlement embodied in this Term Sheet is binding upon the parties hereto, and the parties agree that the United States Bankruptcy Court for the Middle District of Tennessee has jurisdiction to enforce the settlement.

3

Case 3:09-bk-03570    Doc 357-1    Filed 02/14/22    Entered 02/14/22 15:14:40    Desc Exhibit Exhibit A - Settlement Agreement    Page 3 of 7

11. This Term Sheet shall not be construed against any party with regard to drafting.

12. The parties will execute such further documents as are necessary to carry out the transactions called for in this settlement.

WE AGREE TO THIS:

_____
Philip Young, for THOMPSON BURTON, PLLC


  /s/ Peter Hughes by MGA
_____
Peter Hughes, for DILWORTH PAXSON LLP



_____
Adam Stein-Sapir, for Pioneer Funding Group, LLC



_____
R. Steven Hamner, for MPT of Bucks County, L.P.



_____
Eva Lemeh, Chapter 7 Trustee

4

11. This Term Sheet shall not be construed against any party with regard to drafting.

12. The parties will execute such further documents as are necessary to carry out the transactions called for in this settlement.

WE AGREE TO THIS:

_____
Philip Young, for THOMPSON BURTON, PLLC

_____
Peter Hughes, for DILWORTH PAXSON LLP

_____
Adam Stein-Sapir, for Pioneer Funding Group, LLC

_____
R. Steven Hamner, for MPT of Bucks County, L.P.

_____
Eva Lemeh, Chapter 7 Trustee

4

Case 3:09-bk-03570 Doc 357-1 Filed 02/14/22 Entered 02/14/22 15:14:40 Desc Exhibit Exhibit A - Settlement Agreement Page 5 of 7

11. This Term Sheet shall not be construed against any party with regard to drafting.

12. The parties will execute such further documents as are necessary to carry out the transactions called for in this settlement.

WE AGREE TO THIS:

_____
Philip Young, for THOMPSON BURTON, PLLC


_____
Peter Hughes, for DILWORTH PAXSON LLP


_____
Adam Stein-Sapir, for Pioneer Funding Group, LLC

_____/s/_____
R. Steven Hamner, for MPT of Bucks County, L.P.


_____
Eva Lemeh, Chapter 7 Trustee

4

11. This Term Sheet shall not be construed against any party with regard to drafting.

12. The parties will execute such further documents as are necessary to carry out the transactions called for in this settlement.

WE AGREE TO THIS:

_____
Philip Young, for THOMPSON BURTON, PLLC

_____
Peter Hughes, for DILWORTH PAXSON LLP

_____
Adam Stein-Sapir, for Pioneer Funding Group, LLC

_____
R. Steven Hamner, for MPT of Bucks County, L.P.

_____
Eva Lemeh, Chapter 7 Trustee

4