Marian F. Harrison
US Bankruptcy Judge

Dated: 3/9/2022

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BUCKS COUNTY ONCOPLASTIC ) | |
| INSTITUTE, LLC, ) | Case No: 3:09-bk-03570 |
| ) | Chapter 7 |
| ) | Judge Harrison |
| Debtor. ) | |

## ORDER APPROVING COMPROMISE AND SETTLEMENT

This matter having come before the Court on the motion (the "Motion")[1] jointly filed by Eva M. Lemeh, Chapter 7 Trustee ("Trustee"), Thompson Burton, PLLC ("TB"), Dilworth Paxson LLP ("Dilworth"), Pioneer Funding Group, LLC ("Pioneer") and MPT of Bucks County, L.P. ("MPT") (Trustee, TB, Dilworth, Pioneer, and MPT are collectively referred to herein as the "Parties"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for an order approving the compromise and settlement of certain disputed matters between the Parties, including the following matters: (1) Motion for Allowance of Compensation of THOMPSON BURTON PLLC and DILWORTH PAXSON LLP[2] ("Chapter 7 Trustee's Former Counsel") to which Pioneer Funding Group, LLC ("Pioneer")[3] and the United States Trustee[4] have objected; and (2) Claim #53 of MPT of Bucks County, L.P. ("MPT") to which Pioneer has objected;[5] and (3) Claim #49 of Pioneer, to which the Chapter 7 Trustee has objected (together, as the "Contested

---

[1] (DE # 357)
[2] (DE # 253).
[3] (DE # 257).
[4] (DE # 333)
[5] (DE # 309)

Matters");[6] and no party-in-interest having timely filed a response to the Motion; and the Court being satisfied that the relief herein is appropriate under the circumstances; and the Court being otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A. The relief afforded herein is in the best interests of the Debtor's creditors and all Parties.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. Subject to paragraph 7 below, Pioneer shall receive a distribution in the total amount of ten million dollars ($10,000,000.00) on account of Claims Nos. 11, 26, 29, 49 and 51 (collectively the "Pioneer Claims"). The Pioneer Claims shall be, and hereby are, disallowed to the extent they exceed, in the aggregate, $10,000,000.00, not taking into account any prior distributions.

3. Subject to paragraph 7 below, MPT shall receive a distribution in the total amount of nine million seven hundred thousand dollars ($9,700,000.00) on account of Claim No. 53 (the "MPT Claim"). The MPT Claim shall be, and hereby is, disallowed to the extent it exceeds $9,700,000.00.

4. All other allowed unsecured claims filed in this case (other than the Pioneer Claims and the MPT Claim) shall be paid in full without interest.

5. Dilworth shall receive a distribution in the total amount of three million dollars ($3,000,000.00) (the "Dilworth Distribution") in satisfaction of the fees and expenses it sought in its fee application. Dilworth's fee is hereby approved by the Court.

---

[6] (DE # 294).

6. On account of the fees and expenses it sought in its fee application, TB shall receive a distribution of all remaining funds in the bankruptcy estate (after payment of the Pioneer Claims, the MPT Claim, all other allowed unsecured claims, the Dilworth Distribution, the Chapter 7 Trustee's commission, payment of all allowed fees of the Chapter 7 Trustee's substitute counsel, Burr Forman, and other allowed administrative expenses of the estate, if any). TB's fee is hereby approved by the Court.

7. Should the total amount received by the Trustee on account of the DSI Claim exceed $27,400,000.00, then any amount received over $27,400,000.00 shall be distributed equally among Pioneer and MPT, rather than being distributed to TB.

8. All Parties shall use best efforts to distribute the funds referenced herein as expeditiously as possible within the limitations of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and United States Trustee's guidelines for the Trustee. The Trustee is hereby authorized to make all distributions consistent with the terms of this Order.

9. The Court will retain jurisdiction to adjudicate any disputes that may arise under this Order and to enforce the terms of this Order.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.

RESPECTFULLY SUBMITTED FOR ENTRY:

/s/ Michael G. Abelow
Michael G. Abelow, #26710
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
(615) 742-4532
mabelow@srvhlaw.com
*Counsel for Thompson Burton PLLC and Dilworth Paxson LLP*

/s/ Shane G. Ramsey w/ permission MGA
Shane G. Ramsey, #35528
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
150 Fourth Avenue North, Suite 1100
Nashville, TN 37219
(615) 664-5355
shane.ramsey@nelsonmullins.com
*Counsel for Pioneer Funding Group, LLC*

/s/ Patton Hahn w/ permission MGA
Patton Hahn
John H. Rowland, #13944
BAKER DONELSON
Shipt Tower, 420 20th Street North, Suite 1400
Birmingham, AL 35203
(205) 250-8366
phahn@bakerdonelson.com
jrowland@bakerdonelson.com
*Counsel for MPT of Bucks County, L.P.*

/s/ David W. Houston, IV w/ permission MGA
David W. Houston, IV, #20802
BURR & FORMAN, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
(615) 724-3215
dhouston@burr.com
*Counsel for Eva Lemeh, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served this 8th day of March, 2022, upon all counsel accepting service through the Court's electronic filing system.

/s/ Michael G. Abelow

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:09-bk-03570    Doc 372    Filed 03/09/22    Entered 03/09/22 10:57:22    Desc Main Document    Page 4 of 4